OPINION OF THE COURT
Robert A. Lifson, J.
*757 By order to show cause dated January 7, 1997, the forensic psychologist moved for an order fixing the amount of fees due her and apportioning the responsibility for such obligation between the litigants. By stipulation dated February 13, 1997, the parties all agreed to waive their right to a hearing on said issue and, in lieu thereof, they agreed to have such issue determined on papers to be submitted to the court on or before March 6, 1997.
The petitioner was appointed by order of this court dated March 10, 1997 (Berler, J.) which stemmed from a preliminary conference with said Justice wherein the selection of the forensic expert and the apportionment of the fees to be advanced to her were agreed upon. In support of her application, the petitioner forensic expert has submitted proof detailing the services rendered. According to her time records, the value of the services which she rendered appears to be in the sum of $7,695.55. Receipt of the sum of $1,500 is acknowledged, leaving a balance ostensibly due and owing in the sum of $6,195.55.
In opposition, the attorney for the plaintiff has questioned the qualifications of the petitioner. Specifically, he asserts that those that appoint her may be under the impression that the petitioner is a licensed psychologist when in fact she is not. Implicitly, plaintiffs counsel suggests that this circumstance indicates that the petitioner may not be qualified to perform the services for which she was appointed and it impairs the value of the services rendered. The defendant’s counsel claims that since the petitioner is not a party to the action she has no standing in these proceedings to bring the within application.
Each of the positions set forth above are not tenable. In so concluding, the court notes that this is not the only such application before this court concerning the fees sought by this forensic psychologist, her qualifications and the relationship such circumstance might have to her future appointment by the various Justices of this court as well as her entitlement to compensation commensurate with those experts who are credentialed as licensed psychologists.
In a related case decided simultaneously herewith, this court held that the fact that the petitioner is not a licensed psychologist is not an insurmountable barrier to the appointment of the petitioner by the Justices of this court and such fact cannot serve as a bar to her right to be compensated for services rendered. (See, Schomber v Schomber, 173 Misc 2d 750.)
Moreover, in this instance it appears (as is frequently the case) that the initial choice of the forensic psychologist by the *758 court may have merely confirmed the decision of counsel after a conference. Subsequently, this court endeavored to promote consistency, stability and economy by continuing to utilize the services of the forensic expert selected by a prior jurist. The record does not indicate whether any formal application to disqualify the forensic expert was directed to Justice Berler or whether an appeal of his order of appointment was made. The court also notes that the author of the legal analysis cited in the related decision (Schomber v Schomber, supra) of this court was, at the time of the order of appointment, the law secretary to the Justice making the appointment. There appears to be no uncertainty or confusion on the part of Justice Berler as to the need for the services to be rendered or the ability of the appointee to provide such services to the court. Similarly, while in conference objection to continuation or reliance upon the work of this expert may have been vocalized, scrutiny of her qualifications may have been motivated by disappointment with the conclusions proffered by the expert. To be fair to defendant’s counsel, he is but one of several well-respected and well-intentioned members of the Bar who has raised this very legitimate issue before virtually all of the Justices sitting in the dedicated matrimonial part.
No impairment exists to the ability of any court appointee to bring such application as may be necessary to enforce the prior directives of the court without the necessity of instituting a separate action since the court already has assumed jurisdiction over the potentially responsible parties who have had notice of their potential financial obligation to the court appointee. (See, Domestic Relations Law § 237 [b], [d].)* The stipulation of the parties implicitly recognizes this reality.
Turning to the issue at hand, the stipulation of the parties acknowledges that the fee sought is fair and reasonable. The plaintiff has submitted a detailed affidavit stating why he *759 believes that the remainder of said fee should be paid solely by the defendant. To date, the court has received no further opposing papers by the defendant specifying such financial circumstances as would warrant imposing this obligation solely upon plaintiff, nor has any proof contradicting the plaintiffs other allegations been adduced. Accordingly, the court concludes that the defendant shall be solely responsible for the balance of the fees owed the petitioner.

 While no case is found where a court-appointed forensic expert was granted relief under Domestic Relations Law § 244, the breadth of the language of the statute ("[w]here a spouse * * * defaults in paying any sum of money as required by the judgment or order directing payment thereof’ [emphasis added]) warrants the conclusion that a court-ordered forensic expert fee is recoverable under the section. In an analogous context involving a guardian ad litem’s fee in a divorce action in Haynes v Haynes (83 NY2d 954 [1994]), the Court of Appeals acknowledged the inherent authority of Supreme Court to require payment of a guardian ad litem’s fee by a party who was parent of the guardian ad litem’s ward. Nothing in section 244 would prohibit or limit the logical extension of that authority to the realm of enforcement and, specifically, the recovery of a fee which the court already directed be paid to a forensic expert appointed for the parties’ children.