■ In the Matter of MICHELLE V., Appellant, v LILLIAN P., Respondent. [767 NYS2d 435]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about December 14, 2000, which denied the petition pursuant to Family Court Act article 6 for custody of the subject child and continued custody of the child with the child's grandmother, respondent Lillian P., unanimously affirmed, without costs.

Family Court properly determined that respondent paternal grandmother demonstrated the existence of extraordinary circumstances detrimental to the child's welfare should petitioner, the natural parent, obtain custody (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). The record discloses that petitioner gave physical custody of the child to respondent and thereafter visited him irregularly at best, i.e., only when it was "convenient." Petitioner did not contribute to the child's support, and appeared oblivious to his special needs. Petitioner planned to move to Florida, but did not indicate how she would live or where she would work. At the time of the hearing, the child was four years old and had lived with his grandmother for three of those years, only one of which overlapped with petitioner's attempt to regain custody. As the court found, the grandmother, in contrast to petitioner, appeared to have a full grasp of the child's needs, and was providing for them. Concur— Buckley, P.J., Tom, Ellerin and Gonzalez, JJ.