■ In the Matter of RICHARD WOLF et al., Respondents, v BINYOMIN ROTHMAN et al., Appellants. (Proceeding No. 1.) In the Matter of JACOB GOLDSTEIN et al., Respondents, v BINYOMIN ROTHMAN et al., Appellants. (Proceeding No. 2.) In the Matter of EUGENE FLINK et al., Respondents, v BINYOMIN ROTHMAN et al., Appellants. (Proceeding No. 3.) [796 NYS2d 139]—

In three related child custody proceedings pursuant to Family Court Act article 6, the father and mother separately appeal from three orders (one in each proceeding) of the Family Court, Kings County (Wright, J.), one dated June 16, 2003, and two dated June 17, 2003, which, after a hearing, inter alia, granted custody of each of their three minor children to the respective petitioners in each proceeding.

Ordered that the orders are affirmed, without costs or disbursements.

The appellants' three minor children left the familial home with their three older siblings (now adults) after an altercation between the father and his then nine-year-old daughter. Subsequently, a community organization placed the children in the care of three separate families, the petitioners herein. The petitioners Richard Wolf and Tamara Wolf, Jacob Goldstein and Pessy Goldstein, and Eugene Flink and Elisheva Flink, commenced these child custody proceedings each seeking custody of the respective child in their care. After a hearing, the Family Court granted the petitions. We affirm.

When a nonparent seeks custody of a child as against a parent, he or she must show the existence of extraordinary circumstances, such as "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time" (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 546 [1976]; *see Matter of Darlene T.,* 28 NY2d 391, 394 [1971]; *Matter of Rudy v Mazzetti,* 5 AD3d 777 [2004]). Only if such extraordinary circumstances are shown may the court consider the award of custody to a nonparent based on the best interests of the child (*see Matter of Bennett v Jeffreys, supra* at 548; *Matter of Rudy v Mazzetti, supra; Matter of Williams v Dunston,* 202 AD2d 681, 682 [1994]). Here, the appellants conceded the existence of extraordinary circumstances before the Family Court. Further, contrary to their contentions on appeal, the Family Court's determination that it was in the best interests of the children to remain in the custody of the petitioners has a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v*

*Friederwitzer,* 55 NY2d 89, 94 [1982]; *Zafran v Zafran,* 306 AD2d 468, 469 [2003]; *Matter of Nellie R. v Betty S.,* 187 AD2d 597, 598 [1992]).

The appellants' remaining contentions are without merit. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.