In the Matter of RAIZY SILVERMAN, Appellant, v LAZER WAGSCHAL et al., Respondents. [827 NYS2d 229]—

In a child guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Christopher, J.), entered October 20, 2005, which, without a hearing, denied, with prejudice, the petition to modify an order of the same court dated September 11, 2003, entered upon her consent, awarding custody of the subject children to the respondents Lazer Wagschal and Miriam Wagschal.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Rockland County, for further proceedings consistent herewith.

By order of the Family Court, Rockland County, dated September 11, 2003 (Garvey, J.), the petitioner mother, Raizy Silverman (hereinafter the mother), consented to the custody of two of her children, Rifky Pal and Tobey Pal, being awarded to the respondents Lazer Wagschal and Miriam Wagschal (hereafter the respondents). By order entered October 20, 2005 the

Family Court (Christopher, J.) summarily denied the mother's petition for modification, with prejudice, upon the ground, inter alia, that she had not complied with certain directives contained in the earlier order. We reverse.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes the existence of extraordinary circumstances such as surrender, abandonment, persistent neglect, unfitness, involuntary disruption of custody over an extended period of time, or other like extraordinary circumstances (*see Matter of Bennett v Jeffreys,* 40 NY2d 543, 546 [1976]; *Matter of Esposito v Shannon,* 32 AD3d 471, 472 [2006]). Prior to depriving a natural parent of his or her children, the nonparent seeking custody has the burden of establishing the existence of extraordinary circumstances (*id.*). The question of the best interests of the children is not reached absent a showing of such extraordinary circumstances (*id.* at 473; *see Matter of Wilson v Smith,* 24 AD3d 562, 563 [2005]; *Matter of Wolf v Rothman,* 19 AD3d 430 [2005]). Moreover, where a prior order granting custody of a child to nonparents was issued upon consent of the parties, extraordinary circumstances must be established by the nonparents on a subsequent custody application by the parent (*see Matter of Katherine D. v Lawrence D.,* 32 AD3d 1350 [2006]).

Since the mother consented in 2003 to the respondents receiving custody of the two children, there was no determination at that time as to whether or not extraordinary circumstances existed. As such, the Family Court erred in dismissing the mother's 2005 modification petition without first conducting an evidentiary hearing to determine if extraordinary circumstances were present (*see Matter of Vincent A.B. v Karen T.,* 30 AD3d 1100 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Tristram K.,* 25 AD3d 222, 226 [2005]).

As the record here is inadequate to enable us to determine the extraordinary circumstances issue, we must remit the matter to the Family Court. Upon remittitur, the Family Court shall determine whether extraordinary circumstances are established by the respondents, and if so, determine the best interests of the children (*see Matter of General v General,* 31 AD3d 551, 552-553 [2006]). Florio, J.P., Miller, Spolzino and Dillon, JJ., concur.