■ In the Matter of Robert G. et al., Respondents, v Peter I., Appellant. [843 NYS2d 139]—

In two related child custody proceedings pursuant to Family Court Act article 6 (one as to each child), and a related child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Foreman, J.), dated May 10, 2006, which, after a hearing, granted the petition of the maternal grandparents to modify a prior order of the same court dated April 20, 2004, awarding the parties joint custody of the children, awarded sole custody of the children to the maternal grandparents, and directed the father to pay child support for the children in the sum of $248 per week and to reimburse the maternal grandparents the sum of $8,289 for unreimbursed medical expenses they incurred on behalf the children.

Ordered that the order dated May 10, 2006 is affirmed, without costs or disbursements.

A prior order of the Family Court dated April 20, 2004, entered on consent of the parties, provided, inter alia, that the father and the maternal grandparents would have joint custody of the subject children, with the maternal grandparents to have physical custody. In July 2005 the maternal grandparents commenced these proceedings against the father seeking sole custody of the children, child support, and reimbursement of certain uncovered medical expenses they had incurred on behalf of the children.

After a hearing, the Family Court granted the maternal grandparents' petition, and awarded sole custody of the children to them, finding that it was in the children's best interests. We affirm.

The Family Court erred in reaching the issue of the best interests of the children without first making the threshold determination of whether there were extraordinary circumstances to justify the award of custody to a nonparent where a parent was alive and available (see Matter of Silverman v Wagschal, 35 AD3d 747 [2006]; Matter of McDevitt v Stimpson, 281 AD2d 860 [2001]). The prior order granting the father and maternal grandparents joint custody of the children was entered on consent, and as such, it did not obviate the maternal grandparents' burden to establish the existence of such extraordinary circumstances in support of their petition for sole custody (see Matter of Silverman v Wagschal, 35 AD3d 747 [2006]; Matter of Fishburne v Teelucksingh, 34 AD3d 804 [2006]).

Nevertheless, we need not remit the matter to the Family Court for a new hearing, as the record is adequate to enable this Court to determine that such extraordinary circumstances did in fact exist (*see Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100 [2006]). The evidence at the hearing established that, since relinquishing the children to the care and physical custody of the maternal grandparents, the father has rarely visited or contacted the children, and has not contributed to the support of the children in any fashion (*see Matter of Bevins v Witherbee*, 20 AD3d 718 [2005]; *Matter of Michelle V. v Lillian P.*, 1 AD3d 272 [2003]). Moreover, while the father opposed the maternal grandparents' petition for sole custody of the children, he did not seek to have physical custody of the children transferred to him. As such, the record supports a finding that the requisite extraordinary circumstances exist here.

Moreover, we agree with the Family Court that it was in the children's best interests to transfer sole custody to the maternal grandparents, as "joint custody is inappropriate where the parties have evidenced an inability or unwillingness to cooperate in making decisions on matters concerning the children" (*Matter of Fishburne v Teelucksingh*, 34 AD3d at 805), and the evidence presented by both the maternal grandparents and the father unequivocally established a lack of communication and cooperation between them. In addition, the father did not object to the Law Guardian's lack of participation at the hearing, and thus his current contention in that regard is unpreserved for appellate review (*see* CPLR 5501 [a] [3]).

Finally, we find no basis to disturb the Family Court's award of child support, calculated in accordance with the Child Support Standards Act, or the award reimbursing the maternal grandparents for the amount they incurred in paying for the children's uncovered medical expenses. Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.