■ In the Matter of BARBARA COCKRELL, Appellant, et al., Petitioner, v ROSEMARIE BURKE, Respondent. [856 NYS2d 212]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Pearl, J.), dated May 24, 2006, which, after a hearing, denied the parents' petition to modify three orders of the same court (Weinstein, J.), dated April 26, 2000, entered upon their consent, awarding custody of their three children to the maternal grandmother, and dismissed the proceedings.

Ordered that the appeal from so much of the order as pertains to the child Dawnmarie Cockrell is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Three prior orders of the Family Court, all dated April 26, 2000 and entered on consent of the parties, provided that the maternal grandmother would have custody of the subject three children. On or about March 19, 2003 the children's mother and father commenced these modification proceedings seeking custody. The Family Court denied the parent's petition and dismissed the proceedings. The mother appeals.

During the pendency of this appeal, one of the children, Dawnmarie Cockrell, turned 18 years of age. As such, she is no longer a minor and the earlier custody order no longer applies to her (see Matter of Metcalf v Odums, 35 AD3d 865 [2006]).

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes the existence of extraordinary circumstances such as surrender, abandonment, persistent neglect, unfitness, involuntary disruption of custody over an extended period of time, or other like extraordinary circumstances" (Matter of Silverman v Wagschal, 35 AD3d 747, 748 [2006]). Where a "prior order granting custody of a child to nonparents was issued upon consent of the parties, extraordinary circumstances must be established by the nonparents on a subsequent custody application by the parent" (id.). Here, the Family Court erred in failing to make this threshold determination of extraordinary circumstances in determining the mother's modification petition (id.; see Matter of Robert G. v Peter I., 43 AD3d 1162 [2007]).

Nevertheless, we need not remit the matter to the Family Court for a new hearing since the record is adequate to enable this Court to determine that such extraordinary circumstances did, in fact, exist (see Matter of Robert G. v Peter I., 43 AD3d at 1164). The mother's history of substance abuse, her failure to procure adequate housing and to contribute to the support of the children, as well as her failure to adequately address the medical needs of the children, support a finding of extraordinary

circumstances (*see Matter of Donohue v Donohue,* 44 AD3d 1042 [2007]; *Matter of West v Turner,* 38 AD3d 673 [2007]; *Matter of Dellolio v Tracy,* 35 AD3d 737 [2006]; *Matter of Michelle V. v Lillian P.,* 1 AD3d 272 [2003]).

Moreover, we agree with the Family Court that it was in the best interests of the children Thomas Cockrell and Justin Cockrell to remain with their maternal grandmother. The court's determination was supported by the testimony and report of a forensic evaluator and was consistent with the position of the attorney for the children (*see Matter of Donohue v Donohue,* 44 AD3d 1042 [2007]). Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.