In the Matter of WILLIAM T. DONOHUE, Appellant, v WENDY L. MacISAAC, Respondent. [875 NYS2d 152]—

In a proceeding pursuant to Family Court Act article 6, the father appeals (1) from so much of an order of the Family Court, Dutchess County (Forman, J.), dated August 28, 2007, as, after a hearing, granted his petition to modify a prior order of custody and visitation only to the extent of setting forth a plan to permit him future supervised therapeutic visitation with the subject child, and directed him to pay the sum of $1,200 for court-ordered forensic evaluations of the parties conducted by Astor Family Court Evaluation Service, and (2) from so much of a money judgment of the same court, also dated August 28, 2007, as, upon the order, is in favor of Astor Family Court Evaluation Service and against him in the sum of $1,200. The notice of appeal from so much of the order as directed the father to pay the sum of $1,200 for court-ordered forensic evaluations of the parties conducted by Astor Family Court Evaluation Service is deemed also to be a notice of appeal from so much of the money judgment as is in favor of Astor Family Court Evaluation Service and against him in the sum of $1,200 (*see* CPLR 5512 [a]).

Ordered that the appeal from so much of the order as directed the appellant to pay the sum of $1,200 for court-ordered forensic evaluations of the parties conducted by Astor Family Court Evaluation Service is dismissed, without costs or disbursements, as that part of the order was superseded by so much of the money judgment as is in favor of Astor Family Court Evaluation Service and against the appellant in the sum of $1,200; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the money judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and so much of the order as directed the father to pay the cost of court-ordered forensic evaluations of the parties conducted by Astor Family Court Evaluation Service is vacated.

Contrary to the contentions of the father, with which the attorney for the child agrees, the Family Court had the jurisdiction to direct the issuance of a money judgment against the parties for the cost of forensic evaluations conducted by a court-appointed agency, which it had previously directed them to pay (*see* Family Ct Act § 651 [b]; Domestic Relations Law §§ 240, 237 [b]; § 244; *see also Sciacca v Sciacca,* 173 Misc 2d 756, 758 n [1997]). However, as the father and the attorney for the child correctly argue, the Family Court erred in directing the issuance of the money judgment in the absence of an application for such relief from the court-appointed agency and notice to the parties (*see* Domestic Relations Law § 244). Accordingly, we reverse the money judgment insofar as entered against the father.

The father's contention that a new hearing on his modification petition is warranted because the Family Court improperly precluded him from presenting certain evidence of alleged parental alienation by the mother is unpreserved for appellate review (*see* CPLR 5501 [a] [3]; *Matter of Robert G. v Peter I.,* 43 AD3d 1162, 1164 [2007]; *Matter of Diaz v Santiago,* 8 AD3d 562, 563 [2004]).

The father's remaining contention is without merit.

The remaining contentions of the attorney for the child are not properly before this Court on the father's appeal. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.