Matter of Griselda N.G. v Yvette C. (2021 NY Slip Op 01852)





Matter of Griselda N.G. v Yvette C.


2021 NY Slip Op 01852


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Docket No. V-7035/18 , V-7362/18 Appeal No. 13414 Case No. 2020-00692 

[*1]In the Matter of Griselda N.G., Petitioner-Respondent,
v
Yvette C., Respondent-Appellant, Jose Luis S.-P., Respondent. 


Carol L. Kahn, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Karen L. Lupuloff, J.), entered on or about January 16, 2020, which, after a trial, awarded petitioner maternal grandmother sole legal and physical custody of the subject child, unanimously affirmed, without costs.
The order is appealable notwithstanding respondent mother's nonappearance at January 16, 2020 proceedings and her counsel's nonparticipation on that date. Counsel for petitioner and the attorney for the child had by then presented their cases and, on that date, rested and gave summations. Respondent's cross-examination had concluded, her counsel chose not to call two additional witnesses, and although her redirect examination had not occurred, the court pointed out that redirect was optional. Moreover, the order does not state that it is entered on default.
Petitioner made the requisite showing of extraordinary circumstances, including respondent's prolonged separation from the child, abandonment, persisting neglect and unfitness, to demonstrate standing to seek custody of the child, and the record supports the court's determination that awarding her custody was in the child's best interests (see Domestic Relations Law § 72[2][a], [b]; Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]; Matter of Michelle V. v Lillian P., 1 AD3d 272 [1st Dept 2003]). Given respondent's lapses in judgment, the court's concerns about her parental fitness are well founded.
Respondent argues that "forensic evidence" was necessary to substantiate the court's findings, but the evidence otherwise presented at trial was ample. Her claims that petitioner alienated her from the child are also unavailing. The attorney for the child explained that the child had said that he did not want to see his mother in the context of "telling us how the mother's husband was slapping him in the face." Moreover, at the request of the attorney for the child, the court ordered an investigation, at the conclusion of which the Administration for Children's Services, which conducted the investigation, did not mention alienation. To the extent respondent testified that at times petitioner prevented her from seeing the child, her testimony raised an issue of credibility to be determined by Family Court, and we defer to the court's credibility determinations (see e.g. Matter of Deanna V. v Michael C., 179 AD3d 445 [1st Dept 2020]).
The record supports the court's determination that awarding petitioner sole legal and physical custody was in the child's best interests (see Matter of Louise E.S. v W. Stephen S,, 64 NY2d 946 [1985]). In contrast with respondent, in whose care the child experienced multiple relocations and possibly physical abuse at the hands of respondent's husband, petitioner has provided a stable home environment for the child for nearly all his life, consistently tending to his basic needs and his medical care and education, and she was observed to have a loving and nurturing relationship with the child who, moreover, expressed the [*2]desire to live with her.
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021