Matter of Angelika R. v Yolanda K. (2025 NY Slip Op 07116)

Matter of Angelika R. v Yolanda K.

2025 NY Slip Op 07116

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Docket No. V-30551-17/21|Appeal No. 5398|Case No. 2024-05837|

[*1]In the Matter of Angelika R., Petitioner-Respondent,
vYolanda K., Respondent-Respondent, Ivan A., Respondent-Appellant, The Children's Law Center etc., Appellant.

Larry S. Bachner, New York, for Ivan A., appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child, appellant.

Order, Family Court, Bronx County (Jessica I. Bourbon, J.), entered on or about June 10, 2024, which granted petitioner mother's petition for a modification of a prior order of custody, dated January 12, 2018, and transferred custody of the child from respondent maternal grandmother to the mother, unanimously reversed, on the law and the facts, without costs, and, upon a finding of extraordinary circumstances, the matter remanded for a hearing to consider the best interests of the child.
The petitioner mother commenced this custody modification proceeding against respondent maternal grandmother (petitioner's mother), who had obtained custody of the child by an order entered on consent of the mother and grandmother on January 12, 2018.
Family Court held a fact-finding hearing over three days, and, on January 25, 2024, found that the mother had "established the necessary change of circumstances warranting further fact-finding to determine whether the change of the [2018 custody order] is in the child's best interests." On February 22, 2024, Family Court conducted an in camera interview with the child. On April 11, 2024, Family Court held an "abbreviated" best interests hearing. On June 10, 2024, Family Court issued the order appealed from, which awarded the mother sole legal and physical custody of the child.
Family Court should have held an initial hearing at which the grandmother, who opposed the mother's petition, would have had the burden to demonstrate the existence of extraordinary circumstances (Domestic Relations Law § 72[2][a] [requiring a grandparent seeking custody to "demonstrate to the satisfaction of the court the existence of extraordinary circumstances"]; see also Matter of Silverman v Wagschal, 35 AD3d 747, 748 [2d Dept 2006] ["the nonparent seeking custody always has the burden of establishing the existence of extraordinary circumstances"]). The nonparent is required to prove extraordinary circumstances even when, as here, the nonparent has acquired custody under a prior order issued on the consent of the parent and the parent subsequently seeks custody, because a parent always has a superior right to custody over a nonparent in the absence of extraordinary circumstances (see Matter of Wright v Wright, 81 AD3d 740, 740 [2d Dept 2011], lv denied 17 NY3d 706 [2011]; Silverman, 35 AD3d at 748). If the trial court finds extraordinary circumstances, then it must hold a hearing to determine what custody arrangement is in the child's best interests (Matter of Wright, 81 AD3d at 741).
Here, the record is adequate for us to determine that extraordinary circumstances existed as it is undisputed that there had been an "extended disruption of custody" for more than 24 months prior to the filing of the mother's modification petition, during which the mother had "voluntarily relinquished care and control of the child and the child resided in the household of [the grandmother]" pursuant to the 2018 custody order entered on consent (Domestic Relations Law § 72[2][b]).
Since we have found extraordinary circumstances, we now consider the record before Family Court concerning the child's best interests and the court's determination on that issue. However, the record is inadequate to make a best interests determination. The trial court held a one-day best interests hearing, which it referred to as "abbreviated." In determining custody, it also relied in part on testimony taken during the "changed circumstances" portion of the fact-finding hearing. The court's order indicates that, in deciding the child's best interests, it considered exclusively the mother's improved housing and employment condition. It failed to address the many other factors which judges must consider in determining what custodial arrangement is in the child's best interests, such as the child's particular needs, each party's ability to provide for the child's emotional and intellectual development, and what arrangement will best promote the child's welfare and happiness (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]). In particular, the record establishes that the child and her grandmother resided in Long Island where the child attended school, the child suffered from anxiety and had been in therapy in Long Island, and the parties disagreed about whether the child should be treated with medication. However, Family Court's order does not address the effect on the child of a move from Long Island to the Bronx, including the necessary change of schools, or which party was best able to address the child's educational and mental health needs. The record before us is insufficient to make a determination as to these and other significant best interests factors.
In addition, there have been significant developments subsequent to the appealed order that have been brought to this Court's attention, including claims about the child's worsening health and consequent hospitalizations while in the mother's care, and the mother's severe financial instability. These developments further underscore that the record is insufficient to enable us to make an informed decision as to the child's best interests. Therefore, we remand the matter to Family Court for a full best-interests hearing (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Martynchuk v Vasylkovska, 223 AD3d 819, 821 [2d Dept 2024]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025