■ In the Matter of INGRID R., a Child Alleged to be Neglected. IRIS A., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [618 NYS2d 24] —Order, Family Court, Bronx County (Stewart H. Weinstein, J.), entered April 28, 1994, dismissing the petition for extension of foster care placement, unanimously reversed, on the law, the petition is reinstated and the matter remanded for a hearing with temporary placement extended for 30 days pending further proceedings in the Family Court, without costs.

While we are sympathetic to the Family Court's manifest frustration with the Commissioner's failure to comply with its April 29, 1992 order to file for termination of respondent's parental rights and the failure of any caseworker or supervisor to appear in court on two specific dates despite prior

warning to counsel, it was nevertheless improvident to dismiss the petition for an extension of foster care placement without a hearing and in effect leave the child in legal limbo.

Contrary to the court's finding that the petition was filed almost two months late, it appears that the petition was timely filed on February 3, 1994, more than 60 days prior to April 27, 1994, the expiration date of the prior extension of placement order (see, Family Ct Act § 1055 [b] [i]). Moreover, dismissal of the petition terminates the provision of services to and foster care subsidies on behalf of the child and cannot be considered to be in her best interests. We note that a proceeding to terminate respondent's parental rights is presently pending, that respondent has not appeared as is also the case in this proceeding and that the child remains in kinship foster care with her paternal aunt.

Finally, inasmuch as the instant petition was timely filed and the Family Court may, for good cause shown, enter a temporary order extending placement for 30 days (Family Ct Act § 1055 [b] [v]), we now do so in its stead. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.