■ In the Matter of DAVID S. and Another, Children Alleged to be Neglected. BALBINA S., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Appellants. [635 NYS2d 178] —Order, Family Court, Bronx County (Marjory Fields, J.), entered September 1, 1994, which, *sua sponte*, discharged the children from foster care to the custody of their maternal grandmother, and from a final order from the same court and Justice, entered on or about October 27, 1994, which denied the Law Guardian's request for an extension of placement hearing pursuant to Family Court Act § 1055, reversed, on the law, the petitions reinstated, and the matter remanded for a hearing in accordance with Family Court Act § 1055, without costs.

The Family Court's *sua sponte* dismissal of the petitions for extension of placement without granting a hearing and discharge of the children from foster care to the custody of their maternal grandmother violated Family Court Act §§ 1055 and 1052 (a), respectively, and was contrary to the best interests of the children (*Matter of H./ M. Children*, 217 AD2d 164 [decided herewith]). Although section 1055 (b) (ii) is silent as to whether a hearing is required prior to dismissal of a petition for extension of placement, this Court held in *Matter of Ingrid R.* (209

AD2d 177, 178) that it was "improvident to dismiss the petition for an extension of foster care placement without a hearing and in effect leave the child in legal limbo." Such is the case here where several elements of the children's service and permanency plans warranted careful review and the failure to do so was likely to be harmful, in light of the court's disposition.

This error was compounded by discharging the children from foster care to the permanent custody of their maternal grandmother, a violation of section 1052 (a). That section authorizes placement with "a relative or other suitable person" in accordance with the requirements of section 1055 (a), which limit such placement to an initial period of one year and, as noted, require a hearing (*Matter of H./M. Children, supra*).

Respondent's contention that the Family Court lacked jurisdiction over the children in 1994 because their placement had lapsed in May 1992 is without merit in that it ignores the fact that the Commissioner of Social Services filed new neglect petitions in January 1993, thereby conferring subject matter jurisdiction (*Matter of Commissioner of Social Servs. [Clara DeJ.]*, 186 AD2d 33, 34). Concur—Sullivan, J. P., Nardelli and Williams, JJ.

Kupferman, J., concurs in a memorandum as follows: This is another example of bureaucracy interfering, at public expense, in a rational family relationship, despite an intelligent result rendered by an experienced Family Court Judge. *(See, Matter of H./M. Children,* 217 AD2d 164, 170 [Kupferman, J., concurring] [decided herewith].)