■ In the Matter of LINDA J., Respondent, v NAKISHA P., Appellant, and ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [781 NYS2d 20]—

Order, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about June 4, 2002, insofar as it granted custody of the subject child to the child's paternal grandmother, unanimously reversed, on the law, without costs, and the matter remanded for a dispositional hearing.

This child custody proceeding arose out of an incident in which respondent's four-year-old son, Lamar, was locked in a bedroom while respondent visited her boyfriend, who resided in the same apartment building. The child's maternal aunt and grandmother were present in the apartment with him but did not have a key to the dead-bolt lock.

As the result of a neglect petition filed by the Commissioner of Social Services, Family Court conducted a hearing, after which it awarded permanent custody of the child to petitioner, his paternal grandmother. Finding that respondent had engaged in neglect by locking the child in the bedroom as a form of punishment and that the child's maternal grandmother had failed to take steps to ameliorate the situation, the court proceeded to entertain petitioner's custody petition. Based on evidence presented during the neglect hearing and without taking testimony from respondent regarding her ability to care for the child and to provide a good home environment, parental guidance and support for his emotional and intellectual development, the court awarded custody to petitioner.

In awarding custody to petitioner pursuant to Family Court Act article 6, the court never reached the question of disposition pursuant to Family Court Act article 10. The child cannot be placed with his grandmother without a hearing to determine whether such a disposition would be in his best interests, and such placement is limited to an initial period of one year (Family Ct Act § 1052 [a]; § 1055; *Matter of David S.*, 221 AD2d 241 [1995]). Furthermore, petitioner did not make the necessary showing to rebut the presumption of custody in favor of a parent and direct inquiry to the child's best interests (*see Matter of McNeill v Ressel*, 258 AD2d 64 [1999], *appeal dismissed* 94

NY2d 838 [1999]). It is petitioner's burden to demonstrate that respondent has relinquished her superior right to custody due to inadequate guardianship (*see Matter of Joseph S. v Michelle R.F.*, 3 AD3d 446 [2004]). Finally, in view of the controverted allegations concerning the extent to which the child was punished by confining him to the locked bedroom, it was error to issue a custody order without the benefit of a full hearing (*see Matter of Hudgins v Goodley*, 301 AD2d 524 [2003]). Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.