In the Matter of BARBARA CARTON et al., Appellants, v AMANDA GRIMM, Respondent, et al., Respondent. [857 NYS2d 775]—

Peters, J.P. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered March 22, 2007, which dismissed petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' children.

Respondents are the parents of three children born in 2001, 2003 and 2004 (hereinafter referred to as the oldest, middle and youngest child, respectively). During most of 2002, both respondents were incarcerated. The oldest child, who was initially placed in the care of an aunt and uncle, later came to live with the maternal grandmother, petitioner Barbara Carton (hereinafter the grandmother). Thereafter, the grandmother was awarded joint custody with the mother by order dated November 25, 2002. After both parents were released from prison, the oldest child remained with the grandmother. The mother was later returned to prison and gave birth to the middle child while incarcerated. In December 2004, the grandmother was awarded temporary custody of the middle child which was later modified to a joint custody order between the grandmother and the mother in March 2005. The youngest child remained with the mother.

In December 2005, petitioners—the grandmother and her husband—commenced this proceeding for sole legal custody of all three children. In March 2006, they were awarded temporary custody of the youngest child. After a hearing, during which all

parties except the biological father were represented by counsel, Family Court determined that petitioners had not met their burden of establishing extraordinary circumstances, dismissed their petition and awarded sole custody of the children to respondents. Petitioners appeal.

On appeal, petitioners contend that Family Court erred in finding that they did not meet their burden of demonstrating extraordinary circumstances as to all three children. Moreover, they specifically assert that Family Court applied the incorrect standard of law when it failed to find extraordinary circumstances pursuant to Domestic Relations Law § 72 (2) (b) as to the oldest child, who had remained in their care and custody for more than 24 months.

The custody petition at issue, verified on December 28, 2005, sets forth specific acts of commission and omission on the part of respondents which purportedly demonstrated extraordinary circumstances sufficient to cause Family Court to address the best interests of the three children and grant custody to petitioners. It did not specifically assert an "extended disruption of custody" as defined in Domestic Relations Law § 72 (2) (b).*

Family Court held a lengthy attenuated hearing concerning the petition and rendered a written decision, but did not specifically address whether the prolonged separation of the oldest child from her parents constituted extraordinary circumstances pursuant to Domestic Relations Law § 72 (2) (b). While Family Court's findings of fact in this proceeding are entitled to deference provided they have a sound and substantial basis in the record (*see Matter of Gravelding v Loper*, 42 AD3d 740, 742 [2007]), particularly because Family Court has had the opportunity to observe the witnesses and assess their credibility (*see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812 [2003], *lv*

---

* In October 2003, Domestic Relations Law § 72 was amended to specifically provide that an extended disruption of custody constituted extraordinary circumstances. Such term was defined to include "a prolonged separation of the respondent parent and the child for at least twenty-four continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent or grandparents, provided, however, that the court may find that extraordinary circumstances exist should the prolonged separation have lasted for less than twenty-four months" (Domestic Relations Law § 72 [2] [b]). Amendments to Domestic Relations Law § 72 and Family Ct Act § 651 were enacted in recognition of the "special role" which grandparents played in the lives of their grandchildren and how, over time, they had been increasingly functioning as caregivers in such children's lives (*see Matter of Tolbert v Scott*, 15 AD3d 493, 495 [2005]).

*denied* 1 NY3d 509 [2004]), the error asserted here is one of law, rather than fact.

Initially, we reject the mother's contention that petitioners' failure to assert that their claim fell within the provisions of Domestic Relations Law § 72 (2) (b) constitutes a failure to preserve such claim for appellate review. The statute at issue specifically provides that an extended disruption of custody, defined therein, constitutes an extraordinary circumstance. It need not be specifically pleaded, only proven.

The oldest child, age four at the time the petition was filed, had resided with her mother and father for only the first 2½ months of her life. Upon the mother's release from prison, as a condition of parole, she and the middle child moved in with petitioners and the oldest child. Testimony revealed that the mother would leave both children and disappear for several days at a time to spend time with the father, who was not welcome in the home. During this time, the father had no contact with either child. Eventually the mother moved in with the father, taking the middle child with her and leaving the oldest child behind.

We find that the evidence concerning respondents' conduct with regard to the oldest child proved an extended disruption of custody pursuant to Domestic Relations Law § 72 (2). To be sure, for a brief period the mother did reside in petitioners' household with the oldest child, but there is absolutely no evidence that she exercised any care or control over the child (*compare Matter of Fishburne v Teelucksingh*, 34 AD3d 804, 805 [2006]). Thus, with the oldest child in petitioners' custody for nearly three years, the statutory prerequisite was met. Moreover, the record reveals that for almost every day of this child's life, it was petitioners who primarily provided for her physical, medical, financial, educational and psychological needs with little involvement of the mother and even less of the father. Thus, Family Court should have found extraordinary circumstances as to the oldest child and proceeded to a best interest hearing concerning that child's custody (*see Matter of Bevins v Witherbee*, 20 AD3d 718, 719-720 [2005]). Mindful that separation of siblings is a factor to be considered, we leave it to Family Court, upon remittal, to determine whether the oldest child's best interests would be served by an award of custody to petitioners. In all other respects, we find no basis to disturb Family Court's order.

Spain, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition as to the oldest

child; matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.