■ In the Matter of SUZANNE E. SPARACIO, Appellant, v STEVEN FITZGERALD, Respondent. [899 NYS2d 640]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Pizzolo, Ct. Atty. Ref.), dated October 23, 2008, as, after a hearing, denied her petition to modify an order of the same court entered January 5, 2001, awarding the father residential custody of the subject child upon the parties' consent, so as to award her residential custody of the child.

Ordered that the order dated October 23, 2008, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition to modify the order entered January 5, 2001, so as to award her residential custody of the subject child is granted, and the matter is remitted to the Family Court, Nassau County, for further proceedings to establish an appropriate visitation schedule for the father; and it is further,

Ordered that pending further order of the Family Court, Nassau County, the father shall have visitation on weekends from Friday at 7:00 P.M. until Sunday at 7:00 P.M., or other times as the parties may agree, with the mother transporting the child to the father's residence, and the father returning the child to the mother's residence, or as the parties may otherwise agree.

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of*

*Zeis v Slater*, 57 AD3d 793, 794 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its determination will not be upheld where it lacks a sound and substantial basis in the record (*see Matter of Summer A.*, 49 AD3d 722 [2008]; *Marcantonio v Marcantonio*, 307 AD2d 740, 741 [2003]).

Here, the Family Court's determination that the evidence did not demonstrate a sufficient change in circumstances is not supported by a sound and substantial basis in the record. Moreover, modification of the existing custody arrangement so as to award the mother residential custody is in the child's best interests (*see Eschbach v Eschbach*, 56 NY2d at 172; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]).

The mother's remaining contention has been rendered academic in light of our determination. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.