In two related custody proceedings pursuant to Family Court *532 Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Loguercio, J.), dated September 28, 2011, as, after a hearing, denied her petition in proceeding No. 1 to modify the custody provisions of a prior order of custody of the same court dated September 6, 2007, entered upon the consent of the parties, awarding joint custody of the subject children to her, the father, and the paternal grandparents, with primary physical custody and decision-making authority to the paternal grandparents, so as to grant her sole legal and physical custody of the subject children.
Ordered that the order dated September 28, 2011, is affirmed insofar as appealed from, without costs or disbursements.
In a custody proceeding between a parent and a nonparent, “ ‘the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances’ ” (Matter of Souza v Bennett, 81 AD3d 836, 836 [2011], quoting Matter of Fishburne v Teelucksingh, 34 AD3d 804, 804 [2006]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 544, 548 [1976]). The nonparent has the burden of establishing extraordinary circumstances even where, as here, there is a prior order awarding physical custody of a child to the nonparent that had been issued on the consent of the parties (see Matter of Wright v Wright, 81 AD3d 740 [2011]; Matter of Howard v McLoughlin, 64 AD3d 1147, 1147 [2009]; Matter of Fishburne v Teelucksingh, 34 AD3d at 805). Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Wright v Wright, 81 AD3d at 741).
Contrary to the mother’s contention, the Family Court properly determined that the paternal grandparents sustained their burden of demonstrating extraordinary circumstances in this case, based upon an extended disruption in parental custody (see Domestic Relations Law § 72 [2] [a], [b]; Matter of Ruiz v Travis, 84 AD3d 1242 [2011]; Matter of Wright v Wright, 81 AD3d at 741; Matter of Gilchrest v Patterson, 55 AD3d 833, 833 [2008]; Matter of Carton v Grimm, 51 AD3d 1111, 1113 [2008]). The evidence adduced at the hearing showed that the children lived with the paternal grandparents their entire lives, and the mother made no effort to assist the paternal grandmother in making decisions for them, and had minimum contact with them after leaving the children with the paternal grandparents, where she had lived for a period of time until 2007. The evidence fur *533 ther revealed that the paternal grandmother, who was the children’s primary caregiver, established a bond with the children and provided for their needs with little assistance from the mother (see Matter of Magana v Santos, 70 AD3d 1208, 1209 [2010]). Moreover, the Family Court’s determination to maintain the current custody arrangement, with the paternal grandparents having physical custody of the subject children, and its determination that this arrangement would be in the best interests of the subject children, are supported by a sound and substantial basis in the record, and we discern no basis to disturb those determinations (see Matter of Koch v Andres, 299 AD2d 411, 411-412 [2002]; Matter of Pauline G. v Carolyn F., 187 AD2d 589, 591 [1992]; Matter of Wilson v Smith, 24 AD3d 562 [2005]).
The mother’s remaining contentions are without merit. Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur.