In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an amended order of the Family Court, Kings County (Hepner, J.), dated June 22, 2011, as, after a hearing, granted the petition of the maternal grandparents, Barbara Noonan and Kenneth Noonan, in effect, for sole custody of the child James pursuant to Family Court Act § 651 (b), granted the separate petition of the maternal grandparents for sole custody of the child Vanessa to the extent of awarding them joint custody of Vanessa with Vanessa’s father, Vincent Tardo, with physical custody and decision-making authority to Vincent Tardo, and with legal and physical custody of Vanessa to transfer immediately to the maternal grandparents should Vincent Tardo fail to submit to bi-monthly drug and alcohol blood tests, provide a copy of the test results to the maternal grandparents, and remain drug- and alcohol-free, and denied her application for sole custody of Vanessa.
Ordered that on the Court’s own motion, the mother’s notice of appeal from an order of the same court dated May 25, 2011, is deemed a premature notice of appeal from the amended order dated June 22, 2011 (see CPLR 5520 [c]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the maternal grandparents’ petitions are denied, the mother is awarded sole custody of James, and the mother’s application for sole custody of Vanessa is granted to the extent of awarding the mother joint custody of Vanessa with Vanessa’s father, Vincent Tardo.
“In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has *828 relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances” (Matter of DiBenedetto v DiBenedetto, 108 AD3d 531, 532 [2013] [internal quotation marks omitted]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 544, 548 [1976]; Matter of Souza v Bennett, 81 AD3d 836, 836 [2011]; Matter of Fishburne v Teelucksingh, 34 AD3d 804, 804 [2006]). “For a third-party nonparent to gain custody of a child, he or she must first prove that extraordinary circumstances exist such that a parent has relinquished his or her superior right to custody” (Matter of Brown v Zuzierla, 73 AD3d 765, 766 [2010]; see Matter of Tristram K., 25 AD3d 222, 226 [2005]; Matter of Linda J. v Nakisha P., 10 AD3d 287 [2004]). “Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody” (Matter of DiBenedetto v DiBenedetto, 108 AD3d at 532; see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Wright v Wright, 81 AD3d 740, 741 [2011]).
While we accord great deference on appeal to the fact-finder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), in custody matters, this Court’s authority is as broad as that of the hearing court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]; Matter of Brown v Zuzierla, 73 AD3d at 766; Matter of Larkin v White, 64 AD3d 707, 708 [2009]; Matter of Hyde v King, 47 AD3d 813, 814 [2008]; Matter of Esposito v Shannon, 32 AD3d 471, 474 [2006]). “Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its determination will not be upheld where it lacks a sound and substantial basis in the record” (Matter of Sparacio v Fitzgerald, 73 AD3d 790, 791 [2010]; see Matter of Summer A., 49 AD3d 722, 726 [2008]; Marcantonio v Marcantonio, 307 AD2d 740, 741 [2003]).
We agree with the Family Court that the petitioners, the maternal grandparents of the subject children, satisfied their burden of demonstrating the existence of “extraordinary circumstances,” necessitating a determination as to the best interests of the children (Matter of Bennett v Jeffreys, 40 NY2d at 548). However, considering the totality of the circumstances in this case (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]; Matter of Selliah v Penamente, 107 AD3d 1004 [2013]), we find that the Family Court’s determination awarding sole custody of the child *829 James, and joint custody of the child Vanessa with Vanessa’s father, Vincent Tardo, to the maternal grandparents is not supported by a sound and substantial basis in the record. The mother’s testimony indicated that, at the time of the hearing, she had abstained from drug use for more than 2V2 years. The mother’s testimony also indicated that there were no recent incidents of domestic violence between her and Tardo. Indeed, the Family Court noted in its order that the mother and Tardo are now “clean and sober,” three years having passed between their last instances of drug use and the date of the order, and that “there have been no reports of aggression.” The Family Court placed undue emphasis on the forensic evaluation, which was completed almost two years prior to the court’s determination. Additionally, while the Family Court did acknowledge the nature of James’s wishes, we conclude that the court failed to adequately consider those preferences (see generally Matter of Luo v Yang, 103 AD3d 636, 637 [2013]). We further note that the attorney for the children supports the mother’s position on appeal, at least insofar as advocating for the mother to have joint custody of both children. Considering these and all relevant factors, under the particular circumstances of this case, we conclude that the Family Court’s determinations that it was in the children’s best interests that sole custody of James be awarded to the maternal grandparents and joint custody of Vanessa, with her father, be awarded to the maternal grandparents, are not supported by a sound and substantial basis in the record. We conclude that it is in the children’s best interests for the mother to have sole custody of James and joint custody of Vanessa with Tardo. Accordingly, we reverse the order insofar as appealed from, deny the maternal grandparents’ petitions, grant the mother’s application for sole custody of Vanessa to the extent of awarding her joint custody of Vanessa with Tardo, and award the mother sole custody of James.
The mother’s remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P, Angiolillo, Dickerson and Roman, JJ., concur.