■ In the Matter of Eric W., an Infant. Administration for Children's Services, Respondent; Tyisha W., Intervenor-Appellant. [973 NYS2d 746]—

In a child neglect proceeding pursuant to Family Court Act article 10, the intervenor-mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated February 4, 2011, which, after fact-finding and dispositional hearings, found that the child was neglected by his maternal aunt, Toshiba W., the person legally responsible for the child, and placed the child with the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Shortly after the subject child was born, a proceeding was commenced against his mother alleging that she neglected him. The neglect proceeding against the mother was dismissed when she consented to the entry of an order giving custody of the child to the child's maternal aunt, Toshiba W. Thereafter, the

instant neglect proceeding was commenced against Toshiba W., and the child was placed into foster care under the auspices of St. Vincent's Services (*see Matter of Eric W. [Tyisha W.]*, 97 AD3d 833 [2012]). The neglect proceeding against Toshiba W. advanced to a fact-finding hearing where, following the presentation of evidence by the Administration for Children's Services and, upon Toshiba W.'s failure to appear, the Family Court found that she had neglected the subject child. The mother, who had filed a petition pursuant to Family Court Act article 6 for custody of the child, sought leave to intervene in the dispositional phase of the neglect proceeding, arguing that the Family Court was obligated to conduct a hearing on whether extraordinary circumstances existed before making a disposition in the neglect proceeding. The Family Court, in effect, granted the mother's application for leave to intervene, thereafter determined that the best interests of the child warranted placing him with the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, and referred the mother's petition for custody in the Family Court article 6 proceeding to a referee.

Contrary to the contention of the attorney for the child, the mother is entitled to appeal from the order of fact-finding and disposition entered in this neglect proceeding, as the Family Court, in effect, granted her application for leave to intervene, and she requested relief that was denied, thus aggrieving her (*see* Family Ct Act § 1035 [d]; *Murnane Bldg. Contrs., Inc. v Zurich Am. Ins. Co.*, 107 AD3d 674, 676 [2013]; *Mixon v TBV, Inc.*, 76 AD3d 144, 156 [2010]).

In order for a nonparent to be awarded permanent custody of a child over a parent's objection, he or she must first prove that extraordinary circumstances exist such that the parent has relinquished his or her superior right to custody (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *Matter of Noonan v Noonan*, 109 AD3d 827 [2013]). Here however, the child's maternal aunt, Toshiba W., had permanent custody of him when this neglect proceeding was commenced against her. The mother's petition to regain permanent custody of the child from Toshiba W. is pending, and has been referred for a hearing. Contrary to the mother's contention, in the context of this neglect proceeding, in which permanent custody was not at issue, the Family Court was not required to make a finding that extraordinary circumstances existed before determining, in effect, that the best interests of the child warranted that he be temporarily placed in the care of the Commissioner of Social Services (*see* Family Ct Act § 1052 [a] [iii]; *cf. Matter of Tristram K.*, 25 AD3d 222 [2005]; Family Ct Act § 1055-b).

In light of the foregoing, the parties' remaining contentions have been rendered academic. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.