■ In the Matter of RICHARD WEINBERGER, Respondent, v TERRI MONROE, Appellant. [990 NYS2d 819]—

In a child custody proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), entered March 22, 2013, as, after a hearing, granted the father's petition to modify a prior order of custody so as to award him sole legal and residential custody of the subject child.

Ordered that the order entered March 22, 2013, is affirmed insofar as appealed from, without costs or disbursements.

In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances (*see Matter of Male Infant L.*, 61 NY2d 420, 427 [1984]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *Matter of Noonan v Noonan*, 109 AD3d 827, 827-828 [2013]; *Matter of DiBenedetto v DiBenedetto*, 108 AD3d 531, 532 [2013]). The nonparent has the burden of establishing extraordinary circumstances even where, as here, there is a prior order awarding physical custody of a child to the nonparent that had been issued on the consent of the parties (*see Matter of DiBenedetto v DiBenedetto*, 108 AD3d at 532; *Matter of Wright v Wright*, 81 AD3d 740, 741 [2011]).

Once the preferred status of the birth parent has been lost by a judicial determination of extraordinary circumstances, the appropriate standard in addressing the possible modification of the prior order is whether there has been a change of circumstances requiring a modification of custody to ensure the best interests of the child (*see Matter of Fleischman v Hall*, 88 AD3d 1000, 1000 [2011]; *Matter of Metcalf v Odums*, 35 AD3d 865, 866 [2006]; *Matter of Guinta v Doxtator*, 20 AD3d 47, 51 [2005]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]; *Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 791 [2010]). In doing so, the court must weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parties, (5) the quality of the home environment, (6) the guidance given to the child, (7) the parties' financial status, (8) the parties' ability to provide for the child's emotional and intellectual development, and (9) the willingness of one party to assure meaningful contact between the child and the other party (*see Matter of Mingo v Belgrave*, 69 AD3d 859, 859-860 [2010]).

On appeal, we accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Noonan v Noonan*, 109 AD3d at 828). However, in custody matters, this Court's authority is as broad as that of the hearing court, and this Court will not uphold the hearing court's determination where it lacks a sound and substantial basis in the record (*see id.*; *Matter of Sparacio v Fitzgerald*, 73 AD3d at 791).

Here, the Family Court's determination that the maternal grandmother failed to sustain her burden of demonstrating extraordinary circumstances is not supported by a sound and substantial basis in the record (*see* Domestic Relations Law § 72 [2] [b]; *Matter of DiBenedetto v DiBenedetto*, 108 AD3d at 532-533; *Matter of Ruiz v Travis*, 84 AD3d 1242 [2011]; *Matter of Carton v Grimm*, 51 AD3d 1111, 1113 [2008]; *cf. Matter of Hyde v King*, 47 AD3d 813, 815 [2008]; *Matter of Tolbert v Scott*, 42 AD3d 548, 549 [2007]). However, notwithstanding the existence of extraordinary circumstances, the father established a change in circumstances requiring modification of custody to ensure the best interests of the child, and the totality of the circumstances in this case (*see Eschbach v Eschbach*, 56 NY2d at 172; *Friederwitzer v Friederwitzer*, 55 NY2d at 95-96) warrants the conclusion that it was in the subject child's best interest to

award sole legal and residential custody of the child to the father. Thus, the Family Court's determination will not be disturbed on appeal. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.