■ In the Matter of JENNIFER LYNN LALLAS, Appellant, v ELIZABETH BOLIN, Respondent. [21 NYS3d 699]—

Appeals from (1) an order of the Family Court, Suffolk County (Matthew M. Deedy, Ct. Atty. Ref.), dated December 23, 2014, and (2) an order of that court (David Freundlich, J.) dated March 4, 2015. The order dated December 23, 2014, insofar as appealed from, after a hearing, denied the mother's petition to modify a prior order of that court so as to award her sole custody of the subject child. In the order dated March 4, 2015, the Family Court declined to sign the mother's order to show cause accompanying her petition to hold the grandmother in contempt of the order dated December 23, 2014, and to modify that order so as to award the mother sole custody of the subject child.

Ordered that the order dated December 23, 2014, is affirmed insofar as appealed from, without costs or disbursements, and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order dated March 4, 2015, is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated March 4, 2015, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

In December 2008, the grandmother of the subject child filed a petition seeking custody of the subject child. The Family Court subsequently issued an order dated April 17, 2009, on the consent of the mother and grandmother, awarding sole custody of the subject child to the grandmother. In May 2014, the mother filed a petition to modify the order dated April 17, 2009, so as to award her sole custody of the subject child. After a hearing, the court issued an order dated December 23, 2014, which, inter alia, denied the petition and established a visitation schedule for the mother.

"In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances" (Matter of Weinberger v Monroe, 120 AD3d 583, 583 [2014]; see Matter of Male Infant L., 61 NY2d 420, 427 [1984]; Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). The nonparent has the burden of establishing extraordinary circumstances even where, as here, there is a prior order awarding physical custody of the child to the nonparent that had been issued on the consent of the parties (see Matter of

*Weinberger v Monroe*, 120 AD3d at 583; *Matter of DiBenedetto v DiBenedetto*, 108 AD3d 531, 532 [2013]). In this case, the Family Court properly determined that the grandmother sustained her burden of demonstrating extraordinary circumstances, based on an extended disruption of parental custody (*see* Domestic Relations Law § 72 [2] [a], [b]; *Matter of DiBenedetto v DiBenedetto*, 108 AD3d at 532; *see also Matter of LaBorde v Pennington*, 60 AD3d 950, 951 [2009]). Moreover, the Family Court's determination that it was in the child's best interests to remain in the custody of the grandmother is supported by a sound and substantial basis in the record (*see Matter of Culberson v Fisher*, 130 AD3d 827, 828 [2015]; *Matter of DiBenedetto v DiBenedetto*, 108 AD3d at 533). Accordingly, we must affirm the order dated December 23, 2014, insofar as appealed from.

In March 2015, the mother filed a petition to modify the order dated December 23, 2014, so as to award her sole custody of the child, and to hold the grandmother in contempt for the willful violation of the visitation provision of that order. In an order dated March 4, 2014, the Family Court declined to sign the mother's order to show cause accompanying the petition.

The Family Court erred in declining to sign the mother's order to show cause accompanying the petition. Modification of a custody order is permissible upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Halioris v Halioris*, 126 AD3d 973, 974 [2015]). Here, the allegations in the mother's petition, as detailed in her accompanying affidavit, would, if proven, tend to establish that the grandmother interfered with the mother's visitation rights. That interference may constitute a change in circumstances sufficient to warrant a change in custody (*see Matter of Bennett v Schultz*, 110 AD3d 792, 793 [2013]; *Matter of Griffin v Moore-James*, 104 AD3d 685, 686 [2013]). Moreover, the allegations would, if proven, tend to establish that the grandmother should be held in civil contempt for disobeying the visitation provisions of the order dated December 23, 2014 (*see Matter of Halioris v Halioris*, 126 AD3d at 973). Accordingly, we must reverse the order dated March 4, 2015, and remit the matter to the Family Court, Suffolk County, to sign the mother's order to show cause (*see Matter of Georghakis v Matarazzo*, 123 AD3d 711 [2014]). Eng, P.J., Mastro, Cohen and Miller, JJ., concur.