In the Matter of K.F.T., Respondent, v D.P.G., Appellant. [865 NYS2d 253]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (McCormack, J.), dated October 13, 2006, which, after a hearing, granted the maternal grandfather's petition for custody and awarded sole custody of the subject child to the grandfather, with visitation to him.

Ordered that the order is affirmed, without costs or disbursements.

In a custody proceeding between a parent and a nonparent, "the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent had relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circum-

stances" (*Matter of Wilson v Smith,* 24 AD3d 562, 563 [2005]; *see Matter of Bennett v Jeffreys,* 40 NY2d 543, 548 [1976]; *Matter of Campo v Chapman,* 24 AD3d 439 [2005]). The burden is on the nonparent seeking custody of the child to prove the existence of such extraordinary circumstances (*see Matter of Darlene T.,* 28 NY2d 391, 394 [1971]), and absent such proof, an inquiry into the best interests of the child is not triggered (*see People ex rel. Secor v Acosta,* 46 AD3d 927 [2007]).

Contrary to the contentions of the father, the Family Court properly determined that the maternal grandfather sustained his burden of demonstrating extraordinary circumstances in this case (*see Matter of Cockrell v Burke,* 50 AD3d 895, 896-897 [2008]; *Matter of West v Turner,* 38 AD3d 673, 674 [2007]). Moreover, the Family Court's determination that an award of custody to the maternal grandfather would be in the best interests of the subject child is supported by a sound and substantial basis in the record, and we discern no basis to disturb it (*see generally Matter of Etienne v Sylvain,* 47 AD3d 930 [2008]; *Matter of Mullings v Foster,* 40 AD3d 1102 [2007]). Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.