■ In the Matter of JOAN BARCELLOS, Appellant, v DORRETTA WARREN-KIDD, Respondent. [870 NYS2d 443]—

"As between a parent and a nonparent, the parent has the

superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished the right due to surrender, abandonment, persistent neglect, unfitness, or other similar extraordinary circumstances" (*Matter of Danzy v Jones-Moore,* 54 AD3d 858 [2008]). A determination of the best interests of the child is made only if the nonparent meets his or her burden of establishing the existence of extraordinary circumstances (*see People ex rel. Secor v Acosta,* 46 AD3d 927 [2007]). Upon a finding of extraordinary circumstances, a court must consider whether a transfer of custody would be in the best interests of the child (*see Matter of Bennett v Jeffreys,* 40 NY2d 543, 548 [1976]).

Here, the mother challenges the Family Court's denial of her application to modify a previous order awarding custody of her now 11-year-old son to his paternal aunt, who has cared for the child since he was 4 years old. However, the evidence established that extraordinary circumstances exist based, inter alia, on an extended disruption of custody between the mother and the child, the mother's significant medical issues and physical limitations arising from a stroke, the child's special needs, and the risk of emotional and physical harm to the child if custody were restored to the mother (*see Matter of Ronald I. v James J.,* 53 AD3d 706, 707-709 [2008]; *Matter of West v Turner,* 38 AD3d 673, 674 [2007]; *Matter of Donohue v Donohue,* 44 AD3d 1042 [2007]).

The record demonstrates that the paternal aunt has provided the child with a stable, nurturing, and supportive home environment, and the child has thrived in her care. Thus, the Family Court correctly determined that it was in the best interests of the child that custody remain with the paternal aunt, with whom he has bonded psychologically (*see Matter of Wilson v Smith,* 24 AD3d 562 [2005]).

Furthermore, the Family Court's decision to modify the mother's visitation schedule has a sound and substantial basis in the record and should not be disturbed (*see* Family Ct Act § 652 [b]; *Matter of Thompson v Yu-Thompson,* 41 AD3d 487 [2007]).

The mother's remaining contentions are without merit. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.