In the Matter of ROBIN HOLMES, Respondent, v ROBERT GLOVER, JR., Appellant, et al., Respondents. [890 NYS2d 629]—

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Dungee v Simmons*, 307 AD2d 312, 312-313 [2003]). Such "extraordinary circumstances" may exist where there has been an "unfortunate or involuntary disruption of custody over an extended period of time" (*Matter of Bennett v Jeffreys*, 40 NY2d at 546). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Darlene T.*, 28 NY2d 391, 394 [1971]).

Absent a finding of extraordinary circumstances, a determination of what is in the best interests of the child is not triggered (*see Matter of Nadia Kay R.*, 125 AD2d 674, 678 [1986]).

Here, the petitioner sustained her burden of demonstrating, prima facie, the existence of extraordinary circumstances. The father voluntarily gave the child to the petitioner pursuant to powers of attorney dated March 2002 and August 2002, respectively, and with the father's acquiescence, the petitioner took the child to live with her in New York while the father resided in Florida. Prior to the commencement of this proceeding in November 2006, the father only visited with the child once, communicated sporadically with the child, primarily by e-mail, and gave no financial or other support to the child's caretaker. In opposition, the father failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Family Court properly granted the petitioner's motion for partial summary judgment on the issue of "extraordinary circumstances."

Furthermore, the child was 2½ years old when she began living with the petitioner and thus resided with the petitioner and the petitioner's family for most of her life. Over the past six years, the petitioner has given the child a home and provided for all of the child's needs, such as her medical care, schooling, religious upbringing, and extracurricular activities. In contrast, since giving the child to the petitioner, the father has demonstrated neither the willingness nor the ability to parent her. Under these circumstances, as it cannot be said that the court's custody and visitation determinations lack a sound and substantial basis in the record, we decline to disturb them (*see Matter of Wispe v Leandry*, 63 AD3d 853 [2009]; *Matter of Bradley v Wright*, 260 AD2d 477 [1999]). Further, the Family Court's denial of the father's application for an adjournment of the best interests hearing based upon the father's vague and unsubstantiated claims that he was chronically ill and unable to travel from Florida to New York was a provident exercise of discretion (*see Tun v Aw*, 10 AD3d 651 [2004]; *Matter of Kagno v Kagno*, 296 AD2d 410 [2002]).

However, the court's ruling that the minutes of the custody proceeding could be used "in any abandonment proceeding associated with the adoption of this child by the Petitioner," was improper, since the adoption proceeding was not before the court at the time of the custody hearing, and the father received no prior notice that the court would be considering adoption issues. The admissibility of those minutes in an abandonment hearing associated with adoption is best determined during the

adoption proceeding by the court presiding over that proceeding, after determining the availability of witnesses and granting the father and/or his attorney an opportunity to be heard (*see Matter of Raymond J.*, 224 AD2d 337 [1996]).

The father's remaining contention is without merit. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.