■ In the Matter of JACQUELINE JUMPER, Respondent, v LAURIE HEMPHILL, Appellant. [904 NYS2d 501]—

In a child custody proceeding pursuant to Family Court Act

article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Davidson, J.), entered August 14, 2009, as, after a hearing, awarded custody of the subject child to the petitioner.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" 'As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished the right due to surrender, abandonment, persistent neglect, unfitness, or other similar extraordinary circumstances' " (*Matter of Barcellos v Warren-Kidd*, 57 AD3d 984, 984-985 [2008], quoting *Matter of Danzy v Jones-Moore*, 54 AD3d 858, 858 [2008]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Holmes v Glover*, 68 AD3d 868 [2009]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]). "A determination of the best interests of the child is made only if the nonparent meets his or her burden of establishing the existence of extraordinary circumstances" (*Matter of Barcellos v Warren-Kidd*, 57 AD3d at 985; *see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Brown v Zuzierla*, 73 AD3d 765 [2010]; *Matter of Holmes v Glover*, 68 AD3d at 869; *Matter of K.F.T. v D.P.G.*, 54 AD3d 1044, 1045 [2008]; *Matter of Wilson v Smith*, 24 AD3d at 563). "Upon a finding of extraordinary circumstances, a court must consider whether a transfer of custody would be in the best interests of the child" (*Matter of Barcellos v Warren-Kidd*, 57 AD3d at 985).

Here, the petitioner, the subject child's godmother, established extraordinary circumstances by demonstrating that the mother surrendered the child to her when the child was approximately three months old, and that, after taking the child into her home, the petitioner provided for all of the child's financial, educational, emotional, and medical needs, with no contribution from the mother (*see Matter of Holmes v Glover*, 68 AD3d at 869; *Matter of Barcellos v Warren-Kidd*, 57 AD3d at 985; *Matter of Gilchrest v Patterson*, 55 AD3d 833 [2008]; *Matter of West v Turner*, 38 AD3d 673, 674 [2007]; *Matter of Wilson v Smith*, 24 AD3d at 563).

Further, the record demonstrates that the petitioner has provided the child with a stable, nurturing, and supportive home environment, and that the child has thrived in her care. Thus, the Family Court correctly determined that it would be in the child's best interests for custody of the child to be awarded to the petitioner, with whom the child has bonded psychologically (*see Matter of Barcellos v Warren-Kidd*, 57 AD3d at 985).

The mother's remaining contentions are without merit. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.