654

█ In the Matter of REYNOLD BISHUNATH, Appellant, v JUNKU-MARE BISHUNATH, Respondent. [933 NYS2d 890]—

"In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances" (*Matter of Ruiz v Travis*, 84 AD3d 1242, 1242 [2011] [internal quotation marks omitted]; *see Matter of Holmes v Glover*, 68 AD3d 868 [2009]; *Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]). Where, as here, a nonparent succeeds in establishing the existence of extraordinary circumstances conferring standing to seek custody, the court must look, as in any custody dispute, to the best interests of the child (*see Matter of Holmes v Glover*, 68 AD3d at 869; *Matter of K.F.T. v D.P.G.*, 54 AD3d 1044, 1045 [2008]; *Matter of Wilson v Smith*, 24 AD3d at 563; *see also Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *Matter of Desroches v Desroches*, 54 AD3d 1035, 1036 [2008]).

Here, although the petitioner uncle established extraordinary circumstances, the Family Court's determination that the child's best interests would be served by returning custody to the mother had a sound and substantial basis in the record and was supported by the evidence developed at a full evidentiary hearing, and we discern no basis to disturb it (*see generally Matter of Nell v Nell*, 87 AD3d 541, 542 [2011]; *Matter of Sajid v Berrios-Sajid*, 73 AD3d 1186, 1186-1187 [2010]; *Matter of K.F.T. v D.P.G.*, 54 AD3d at 1045; *Matter of Desroches v Desroches*, 54 AD3d at 1036; *Matter of Rodriguez v Irizarry*, 29 AD3d 704 [2006]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.