■ In the Matter of NATALIE ROBINSON, Respondent, v AYESHA McNAIR, Appellant, and LEONARD ROBINSON, Respondent. (Proceeding No. 1.) In the Matter of AYESHA McNAIR, Appellant, v NATALIE ROBINSON, Respondent. (Proceeding No. 2.) (And a Related Proceeding.) [934 NYS2d 232]—

From the time of their respective births, the subject children, who were born in February 1997, and April 1998, resided in the house of their paternal aunt, Natalie Robinson (hereinafter Robinson), with their mother, who was their primary caregiver. At some point thereafter, the mother and the children moved out of Robinson's house. Since 2003, however, the children, without their mother, have continuously lived with Robinson. In March 2006, Robinson filed a petition in Family Court seeking custody of both children, and she was awarded temporary custody on July 31, 2006. Thereafter, the mother filed petitions for custody and visitation. After a lengthy hearing, the Family Court granted Robinson's petition for sole custody of the children and denied the mother's petitions. We affirm.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar extraordinary circumstances" (*Matter of Gilchrest v Patterson*, 55 AD3d 833, 833 [2008]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Brown v Zuzierla*, 73 AD3d 765 [2010]). Accordingly, a nonparent who seeks custody of a child against the wishes of the child's parent has the initial burden of establishing that "extraordinary circumstances" exist (*Matter of Ruiz v Travis*, 84 AD3d 1242, 1242 [2011]; *see Matter of Fishburne v Teelucksingh*, 34 AD3d 804 [2006]; *Matter of General v General*, 31 AD3d 551, 552 [2006]).

Here, Robinson satisfied her burden of establishing extraordinary circumstances based on, inter alia, her having amply provided for the children's physical, emotional, and financial needs for an extended period of time, the mother's use of excessive corporal punishment to discipline the children, the harmful psychological and emotional effects of such punishment on the children, the mother's poor impulse control, and the mother's failure to contribute to the children's financial support (*see Matter of Ruiz v Travis*, 84 AD3d 1242 [2011]; *Matter of Wright v Wright*, 81 AD3d 740 [2011]; *Matter of Jumper v Hemphill*, 75 AD3d 507 [2010]; *Matter of Drake v Carroll*, 73 AD3d 1172 [2010]; *Matter of Barcellos v Warren-Kidd*, 57 AD3d 984 [2008]; *cf. Matter of Garcia v Ramos*, 79 AD3d 872, 873 [2010]). In addition, both children expressed their wishes to continue their present living situation without any contact from the mother, including supervised contact (*see Matter of Mera v Rodriguez*, 73 AD3d 1069, 1070 [2010]; *Matter of Samuel S. v Dayawathie R.*, 63 AD3d 746, 747 [2009]; *Matter of O'Connor v Dyer*, 18 AD3d 757, 757-758 [2005]; *Matter of Kocowicz v Kocowicz*, 306 AD2d 285, 285-286 [2003]).

Further, the Family Court properly determined that the children thrived in Robinson's care and that their best interests would be served by awarding custody to her, which was supported by a sound and substantial basis in the record (*see Matter of Wright v Wright,* 81 AD3d at 741; *Matter of Jumper v Hemphill,* 75 AD3d at 508; *Matter of Drake v Carroll,* 73 AD3d 1172 [2010]; *Matter of Samuel S. v Dayawathie R.,* 63 AD3d at 747; *Matter of Barcellos v Warren-Kidd,* 57 AD3d 984 [2008]), and was consistent with the position of the Attorney for the Children and the recommendation of the forensic evaluator (*see Matter of Cockrell v Burke,* 50 AD3d 895 [2008]; *Matter of Donohue v Donohue,* 44 AD3d 1042 [2007]).

"[A] noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child" (*Matter of Mera v Rodriguez,* 73 AD3d at 1069 [internal quotation marks omitted]). The determination of visitation is entrusted to the sound discretion of the trial court and should not be disturbed on appeal unless the determination lacks a substantial evidentiary basis in the record (*see Matter of Ciccone v Ciccone,* 74 AD3d 1337, 1338 [2010]; *Matter of Mera v Rodriguez,* 73 AD3d at 1070; *Matter of Barcellos v Warren-Kidd,* 57 AD3d at 985; *Matter of Kachelhofer v Wasiak,* 10 AD3d 366 [2004]).

The Family Court's determination that granting the mother even supervised visitation at this time would be contrary to the children's best interests was supported by a sound and substantial basis in the record (*see Matter of McLean v Simpson,* 82 AD3d 1101, 1102 [2011]; *Matter of Mera v Rodriguez,* 73 AD3d at 1070; *Matter of Samuel S. v Dayawathie R.,* 63 AD3d 746, 747 [2009]). Dillon, J.P., Eng, Lott and Austin, JJ., concur.