In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Loguercio, J.), dated February 28, 2012, as granted the petition of the nonparent for sole custody of the subject child.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]; Matter of North v Yeagley, 96 AD3d 949, 950 [2012]; Matter of Flores v Flores, 91 AD3d 869, 870 [2012]; Matter of Ruiz v Travis, 84 AD3d 1242 [2011]; Matter of Souza v Bennett, 81 AD3d 836 [2011]; Matter of LaBorde v Pennington, 60 AD3d 950, 951 [2009]; Matter of Silverman v Wagschal, 35 AD3d 747, 748 *715 [2006]; Matter of Dellolio v Tracy, 35 AD3d 737, 737-738 [2006]; Matter of Campo v Chapman, 24 AD3d 439 [2005]). Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Revis v Marzan, 100 AD3d 1004 [2012]; Matter of North v Yeagley, 96 AD3d at 950; Matter of Jumper v Hemphill, 75 AD3d 507 [2010]; Matter of Wilson v Smith, 24 AD3d 562 [2005]; Matter of Campo v Chapman, 24 AD3d at 440).
Contrary to the mother’s contention, the Family Court properly determined that the nonparent petitioner sustained her burden of demonstrating the existence of extraordinary circumstances. The evidence before the Family Court, which included prior neglect findings against the mother arising from her abuse of alcohol, and testimony regarding the highly unstable and unsafe living situation the mother created for the child through her abuse of alcohol and her acts of domestic violence towards the child, demonstrated the existence of extraordinary circumstances (see Matter of Rodriguez v Delacruz-Swan, 100 AD3d 1286 [2012]; Matter of Robinson v McNair, 90 AD3d 759, 760 [2011]). Moreover, the Family Court’s determination that an award of custody to the nonparent petitioner would be in the best interests of the subject child is supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Matter of Andrews v Mouzon, 80 AD3d 761 [2011]; Matter of Barcellos v Warren-Kidd, 57 AD3d 984 [2008]). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.