In the Matter of JERRINA P. JUNE H. et al., Respondents; SHONDELL N.P., Appellant, et al., Respondent. (Proceeding No.

1.) In the Matter of SHONDELL N.P., Appellant, v JERRY G.P., Respondent. (Proceeding No. 2.) [6 NYS3d 124]—

Appeal from an order of the Family Court, Kings County (Leticia M. Ramirez, J.), dated November 25, 2013. The order, after a hearing, in effect, granted the petition of June H. and Litchfield H. for sole custody of the subject child, and denied the mother's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]; Matter of Herrera v Vallejo, 107 AD3d 714, 714 [2013]; Matter of Flores v Flores, 91 AD3d 869, 869-870 [2012]; Matter of Robinson v McNair, 90 AD3d 759, 760 [2011]). The burden is on the nonparent to prove the existence of extraordinary circumstances (see Matter of Darlene T., 28 NY2d 391, 394 [1971]; Matter of Ruiz v Travis, 84 AD3d 1242, 1242 [2011]). Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (see Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Flores v Flores, 91 AD3d at 870).

Here, the Family Court properly determined that the nonparent petitioners sustained their burden of demonstrating extraordinary circumstances based upon, inter alia, the mother's prolonged separation from the subject child and lack of involvement in the child's life, the mother's failure to contribute to the child's financial support, and the strong emotional bond the child had formed with the petitioners (see Matter of Colon v Delgado, 106 AD3d 414, 415 [2013]; Matter of Robinson v McNair, 90 AD3d at 760; Matter of Holmes v Glover, 68 AD3d 868, 869 [2009]; Matter of Barcellos v Warren-Kidd, 57 AD3d 984, 985 [2008]). Moreover, the Family Court's determination that an award of custody to the petitioners would be in the best interests of the child is supported by a sound and substantial basis in the record (see Matter of Herrera v Vallejo, 107 AD3d at 714; Matter of Flores v Flores, 91 AD3d at 870; Matter of Robinson v McNair, 90 AD3d at 761; Matter of Jumper v Hemphill, 75 AD3d 507, 508 [2010]; Matter of Barcel-

*los v Warren-Kidd*, 57 AD3d at 985). Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.