■ In the Matter of JUANITA GETER, Respondent, v SHA-RENYA GRAY, Appellant. [34 NYS3d 588]—

Appeal from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), entered May 17, 2015. The order, insofar as appealed from, after a hearing, granted the petition of the paternal grandmother for sole custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" 'In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances' " (Matter of Lallas v Bolin, 134 AD3d 1038, 1039 [2015], quoting Matter of Weinberger v Monroe, 120 AD3d 583, 583 [2014]; see Matter of Male Infant L., 61 NY2d 420, 427 [1984]; Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). "The burden is on the nonparent to prove the existence of extraordinary circumstances" (Matter of Jerrina P. [June H.—Shondell N.P.], 126 AD3d 980, 981 [2015]; see Matter of Darlene T., 28 NY2d 391, 394 [1971]; Matter of Brown v Zuzierla, 73 AD3d 765, 766 [2010]). "Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent" (Matter of Herrera v Vallejo, 107 AD3d 714, 715 [2013]).

Here, the Family Court properly determined that the petitioner, the child's paternal grandmother, sustained her burden of proving extraordinary circumstances by presenting evidence of the mother's persisting neglect and unfitness. The evidence adduced at the hearing showed that the mother, who lives in Ohio, failed to play a significant role in the child's life since bringing him to live with his late father in 2008. Since that time, the mother missed most of her regularly scheduled visits with the child, attended only one of the child's school conferences, and did not provide financial support for the child. The evidence further demonstrated that, during the child's most recent visit to Ohio in 2013, the mother failed to ensure that the child took his prescription medication, locked the child out of her house with his 9- and 12-year-old cousins, left the child and his cousins alone at a Wendy's restaurant while she went to work, threatened one of the child's cousins with a gun, and returned the child to New York in dirty clothes and

women's shoes. The mother also failed to undergo a court-ordered mental health evaluation during the pendency of this proceeding despite four scheduled appointments for her to do so, and did not provide emotional support for the child following the unexpected death of the child's father (*see Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d at 981; *Matter of Robinson v McNair*, 90 AD3d 759, 760 [2011]; *Matter of Pettaway v Savage*, 87 AD3d 796, 798-799 [2011]; *Matter of Holmes v Glover*, 68 AD3d 868, 869 [2009]). Moreover, the court's determination that an award of custody to the paternal grandmother would be in the best interests of the child has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Drake v Carroll*, 73 AD3d 1172, 1173 [2010]).

Accordingly, the Family Court properly granted the paternal grandmother's petition for sole custody of the child. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.