■ In the Matter of LAURIE LEWIS, Respondent, v JENNIFER SPEAKER, Appellant. [39 NYS3d 200]—

Appeals by the mother from (1) an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered April 15, 2015, and (2) an order of that court entered April 23, 2015. The order entered April 15, 2015, denied the mother's motion to dismiss the maternal grandmother's petition to modify a prior order of custody of that court (Andrew P. Bivona, J.) dated March 27, 2014, so as to award her sole custody of the subject child with supervised visitation to the mother. The order entered April 23, 2015, insofar as appealed from, after a hearing, granted the maternal grandmother's petition to the extent of modifying the prior order of custody so as to award her sole physical custody of the child and final decision-making authority, with supervised visitation to the mother.

Ordered that on the Court's own motion, the notice of appeal from the order entered April 15, 2015, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (*see* Family Ct Act § 1112 [a]); and it is further,

Ordered that the order entered April 15, 2015, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered April 23, 2015, is affirmed insofar as appealed from, without costs or disbursements.

In April 2013, approximately a month after the subject child was born, the mother was arrested. This arrest resulted in a misdemeanor conviction of possession of heroin and a sentence of probation. Six months later, the maternal grandmother (hereinafter the grandmother) filed a petition seeking custody of the child. In an order dated March 27, 2014, upon the mother's consent, the Family Court awarded the mother and the grandmother joint custody of the child.

Mere days later, on April 1, 2014, after receiving a phone call from Orange County Child Protective Services, the grandmother went to the mother's house to pick up the child, took

the child to the doctor, and returned home with the child. The child has resided with the grandmother since that time. A week after the grandmother took the child into her physical custody, the mother was arrested and charged with violation of probation. The mother was eventually transferred from a jail in Orange County to Pike County Correctional Facility in Pennsylvania. The grandmother visited the mother while she was incarcerated, placed money in her commissary account, and took the child to visit the mother approximately once per month.

In September 2014, the grandmother filed the instant petition to modify the custody order so as to award her sole custody of the child with supervised visitation to the mother. In support of her petition, the grandmother alleged that, upon a request of the Department of Social Services, she began caring for the child a week before the mother's incarceration, and that the mother needed to stop using drugs before regaining custody of the child. After counsel was assigned for all parties, the mother moved to dismiss the petition for failure to state a cause of action. In an order entered April 15, 2015, the Family Court denied the motion.

Thereafter, the Family Court held a hearing on the petition, at which the grandmother, the mother, and the maternal grandfather testified. After the hearing, in an order entered April 23, 2015, the court granted the grandmother's petition to the extent of modifying the custody order so as to award her sole physical custody of the child and final decision-making authority, but not sole legal custody. The order further directed, inter alia, that the mother have "daily access to the child," to be supervised by the grandmother or a third party approved by the grandmother. The mother appeals.

In a custody proceeding between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right by surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances (see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; Matter of Geter v Gray, 141 AD3d 586 [2016]; Matter of Santiago v Henderson, 122 AD3d 866, 866 [2014]; see also Domestic Relations Law § 72 [2]). "Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent" (Matter of Herrera v Vallejo, 107 AD3d 714, 715 [2013]; see Matter of Geter v Gray, 141 AD3d 586 [2016]). The nonparent has the burden of

establishing extraordinary circumstances even where, as here, there is a prior order awarding custody of the child to the nonparent that has been issued on consent of the parties (*see Matter of Lallas v Bolin*, 134 AD3d 1038, 1039 [2015]; *Matter of Weinberger v Monroe*, 120 AD3d 583, 583 [2014]; *Matter of Howard v McLoughlin*, 64 AD3d 1147 [2009]).

Here, the Family Court erred in failing to make the threshold determination of extraordinary circumstances in determining the grandmother's custody petition (*see Matter of Wright v Wright*, 81 AD3d 740, 740 [2011]; *Matter of Robert G. v Peter I.*, 43 AD3d 1162, 1163 [2007]). Nevertheless, we need not remit the matter to the Family Court for a new hearing since the record is adequate to enable this Court to determine that such extraordinary circumstances did, in fact, exist (*see Matter of Cockrell v Burke*, 50 AD3d 895, 896 [2008]; *Matter of Robert G. v Peter I.*, 43 AD3d at 1164; *Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101 [2006]).

Among other things, the hearing testimony demonstrated that the grandmother supported and cared for the child for a substantial portion of the child's life, including at times when the mother was incarcerated (*cf. Matter of Robinson v McNair*, 90 AD3d 759, 760 [2011]), and that the child had developed a strong emotional bond with the grandmother. Further, although the mother, who was still incarcerated at the time of the hearing, admitted that she was addicted to heroin, she failed to proffer a certificate or other evidence that she had successfully completed a course of treatment for her addiction. Moreover, the mother would not have a job or a vehicle upon her release from prison (*see Matter of Roberta W. v Carlton McK.*, 112 AD3d 729, 730 [2013]). In sum, we find that this record, taken as a whole, supports a finding that the requisite extraordinary circumstances existed (*see Matter of Diana B. v Lorry B.*, 111 AD3d 927, 928 [2013]; *Matter of Wright v Wright*, 81 AD3d at 741).

Where extraordinary circumstances are present, the Family Court must then consider the best interests of the child in awarding custody (*see Matter of Suarez v Williams*, 26 NY3d at 446; *Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Mercado v Smith*, 133 AD3d 762, 763 [2015]). Here, the Family Court's determination that the best interests of the child would be served by an award of sole physical custody and final decision-making authority to the grandmother, with liberal supervised visitation to the mother, is supported by a sound and substantial basis in the record, and we decline to disturb it (*see Matter of Mercado v Smith*, 133 AD3d at 763; *Matter of DiBenedetto v DiBenedetto*, 108 AD3d 531, 532 [2013]).

The mother's remaining contention is without merit (*see Matter of Maddox v Maddox*, 141 AD3d 529 [2016]). Rivera, J.P., Leventhal, Maltese and Connolly, JJ., concur.