In the Matter of MARCUS HUNTE, Appellant, v ASHLEY ARNOLD, Respondent. (Proceeding No. 1.) In the Matter of LASANDRA MCKENZIE, Petitioner, v ASHLEY ARNOLD, Respondent. (Proceeding No. 2.) In the Matter of LASANDRA MCKENZIE, Respondent, v MARCUS HUNTE, Appellant. (Proceeding No. 3.) In the Matter of DONTE MERSON, Petitioner, v ASHLEY ARNOLD, Respondent. (Proceeding No. 4.) In the Matter of DONTE MERSON, Petitioner, v MARCUS HUNTE, Respondent. (Proceeding No. 5.) [47 NYS3d 389]—

Appeal by the father from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered July 17, 2015. The order, insofar as appealed from, after a hearing, granted the maternal aunt's petition for sole custody of the subject child and denied the father's petition for sole custody of the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In these child custody proceedings, the father of the subject child and the child's maternal aunt both filed petitions for sole custody. The Family Court granted the maternal aunt's petition and denied the father's petition.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar extraordinary circumstances (*see Matter of Dickson v Lascaris*, 53 NY2d 204, 208 [1981]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 546-548 [1976]; *Matter of West v Turner*, 38 AD3d 673 [2007]). The nonparent has the burden of proving that extraordinary circumstances exist such that the parent has relinquished his or her superior right to custody (*see Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d 980 [2015]; *Matter of Jamison v Britton*, 141 AD3d 522, 524 [2016]). Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (*see Matter of Male Infant L.*, 61 NY2d 420, 429 [1984]; *Matter of Dickson v Lascaris*, 53 NY2d at 208; *Matter of Jamison v Britton*, 141 AD3d at 524).

Here, the Family Court properly determined that the maternal aunt sustained her burden of demonstrating extraordinary circumstances based upon, inter alia, the father's prolonged separation from the subject child and lack of involvement in her life for many years, as well as the father's failure to contribute to the child's financial support (*see Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d 980 [2015]; *Matter of Holmes v Glover*, 68 AD3d 868, 869 [2009]; *Matter of West v Turner*, 38 AD3d 673 [2007]). Moreover, the court's determination that an award of custody to the maternal aunt would be in the best interests of the child is supported by a sound and substantial basis in the record (*see Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d 980 [2015]).

The father's remaining contentions do not warrant reversal. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.