■ In the Matter of AISHA JAMILA WILLIAMS, Appellant, v PEARL FRANK et al., Respondents. [49 NYS3d 703]—

Appeal by the mother from an order of the Family Court, Kings County (William Franc Perry, J.), dated December 16, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior order of that court dated December 9, 2004, so as to her award her sole custody of the subject child only to the extent of awarding her visitation with the subject child, and awarded sole legal and residential custody to the maternal grandmother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The subject child, who was born in 2003, has been in the exclusive care of the maternal grandmother since he was approximately 10 months old. In March 2004, the maternal grandmother filed a petition for custody of the child, which was granted in an order dated December 9, 2004, upon the default of the mother and the father. The mother had been arrested for shoplifting in 2004, and was deported in 2005 based on her illegal status. The mother returned to the United States legally in March 2011, and filed a petition to modify the order dated December 9, 2004, so as to her award her sole custody of the child. In an order dated December 16, 2015, after a hearing, the Family Court granted the petition only to the extent of awarding the mother visitation with the child, and awarded sole legal and residential custody to the maternal grandmother.

In a custody proceeding between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent demonstrates that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Lewis v Speaker*, 143 AD3d 822, 823 [2016]; *Matter of Culberson v Fisher*, 130 AD3d 827, 828 [2015]). "Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent" (*Matter of Herrera v Vallejo*, 107 AD3d 714, 715 [2013]; *see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Lewis v Speaker*, 143 AD3d at 823).

Here, the Family Court properly determined that the maternal grandmother sustained her burden of demonstrating extraordinary circumstances based upon the mother's prolonged separation from the subject child, and the maternal grandmother having provided for the child's financial, educational, emotional, and medical needs, with no contribution from the mother (*see Matter of Culberson v Fisher*, 130 AD3d at 828; *Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d 980, 981 [2015]; *Matter of Colon v Delgado*, 106 AD3d 414, 415 [2013]; *Matter of Jumper v Hemphill*, 75 AD3d 507, 508 [2010]). Moreover, the court's determination that an award of custody to the maternal grandmother would be in the best interests of the child is supported by a sound and substantial basis in the record (*see Matter of Culberson v Fisher*, 130 AD3d at 828-829; *Matter of Flores v Flores*, 91 AD3d 869, 870 [2012]).

The mother's remaining contention is without merit. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.