Matter of Haims v Lehmann (2019 NY Slip Op 03048)





Matter of Haims v Lehmann


2019 NY Slip Op 03048


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-00090
 (Docket No. V-11126-15)

[*1]In the Matter of Nicole Haims, appellant-respondent,
v
John Lehmann, respondent-appellant.


Miller Zeiderman & Wiederkehr LLP, White Plains, NY (Lisa Zeiderman and Matthew B. Marcus of counsel), for appellant-respondent.
John Lehmann, White Plains, NY, respondent-appellant pro se.
Jo-Ann Cambareri, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, Nicole Haims appeals, and John Lehmann cross-appeals, from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated December 18, 2017. The order, insofar as appealed from, after a hearing, failed to award Nicole Haims sole legal custody of the subject child, discontinued John Lehmann's therapeutic supervised parental access with the child, awarded John Lehmann unsupervised parental access with the child, and directed that, commencing August 31, 2018, John Lehmann's unsupervised parental access occur every weekend from Friday at 7:00 p.m. through Sunday at 7:00 p.m. The order, insofar as cross-appealed from, after a hearing, awarded the parties joint legal custody of the child and awarded Nicole Haims sole physical custody of the child.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof awarding the parties joint legal custody of the subject child, and substituting therefor a provision awarding Nicole Haims sole legal custody of the child, and (2) by deleting the provisions thereof discontinuing John Lehmann's therapeutic supervised parental access with the child, awarding John Lehmann unsupervised parental access with the child, and directing that, commencing August 31, 2018, John Lehmann's unsupervised parental access occur every weekend from Friday at 7:00 p.m. through Sunday at 7:00 p.m., and substituting therefor a provision continuing John Lehmann's therapeutic supervised parental access with the child; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, to specify a schedule for John Lehmann's continued therapeutic supervised parental access with the child forthwith.
In November 2011, the subject child was born to John Lehmann (hereinafter the father) and his then-wife, Jolie Lehmann (hereinafter the mother). The father and the mother separated in March 2013. The child resided with the mother at the marital residence except for a brief period when the child resided with her maternal grandparents to allow for her attendance at a certain preschool.
On May 24, 2015, the mother suffered a brain aneurysm and was hospitalized. At that [*2]time, the child went to stay with the mother's sister, Nicole Haims (hereinafter the maternal aunt), the maternal aunt's husband, and their two sons. The mother subsequently died on June 9, 2015. The child continued to live with the maternal aunt and her family.
In August 2015, the maternal aunt commenced a proceeding for guardianship of the child, which subsequently was converted, on consent, to a proceeding for custody of the child. During the course of the proceeding the father had only supervised parental access with the child. In October 2017, the Family Court directed the father to begin therapeutic supervised parental access with the child. Following a hearing, in an order dated December 18, 2017, the court, inter alia, awarded the parties joint legal custody of the child with physical custody to the maternal aunt, discontinued the father's therapeutic supervised parental access with the child, awarded the father unsupervised parental access with the child, and directed that, commencing August 31, 2018, the father's unsupervised parental access occur every weekend from Friday at 7:00 p.m. through Sunday at 7:00 p.m. The maternal aunt appeals from so much of the order as failed to award her sole legal custody of the child, discontinued the father's therapeutic supervised parental access with the child, awarded the father unsupervised parental access with the child, and directed that, commencing August 31, 2018, the father's unsupervised parental access occur every weekend from Friday at 7:00 p.m. through Sunday at 7:00 p.m. The father cross-appeals from so much of the order as awarded the parties joint legal custody of the child and awarded the maternal aunt sole physical custody of the child.
"In a custody proceeding between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent demonstrates that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (Matter of Williams v Frank, 148 AD3d 815, 816; see Matter of Bennett v Jeffreys, 40 NY2d 543, 548; Matter of Suarez v Williams, 26 NY3d 440, 446; Matter of Herrera v Vallejo, 107 AD3d 714, 714). "Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent" (Matter of Herrera v Vallejo, 107 AD3d at 715; see Matter of Suarez v Williams, 26 NY3d at 446; Matter of Bennett v Jeffreys, 40 NY2d at 548; Matter of Williams v Frank, 148 AD3d at 816).
Here, we agree with the Family Court's determination that the maternal aunt sustained her burden of demonstrating the existence of extraordinary circumstances. There was evidence before the court that, among other things, the father had abused alcohol for nearly 20 years, had a history of relapses during prior attempts to attain sobriety, and was only at the beginning stages of treatment to achieve sobriety during this most recent period of abstinence (see Matter of Herrera v Vallejo, 107 AD3d at 715; Matter of Rodriguez v Delacruz-Swan, 100 AD3d 1286, 1288). The court should not have awarded joint legal custody of the child to the parties given the hostility and antagonism between them (see Braiman v Braiman, 44 NY2d 584, 589-590; Irizarry v Irizarry, 115 AD3d 913, 914; Matter of Wright v Kaura, 106 AD3d 751). Under the circumstances, the court should have awarded sole legal custody of the child to the maternal aunt. The award of sole physical custody of the child to the maternal aunt is in the best interests of the child and is supported by a sound and substantial basis in the record (see Matter of Herrera v Vallejo, 107 AD3d at 715; Matter of Barcellos v Warren-Kidd, 57 AD3d 984, 985).
The determination of parental access is entrusted to the sound discretion of the Family Court, and an award of parental access will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Pagan v Gray, 148 AD3d 811, 812). Here, the court's determination discontinuing the father's therapeutic supervised parental access with the child and awarding the father unsupervised parental access with the child, after only two months of therapeutic supervised parental access between the father and the child and without some mechanism in place to ensure the father's continued sobriety, lacked a sound and substantial basis in the record (cf. Matter of Ottaviano v Ippolito, 132 AD3d 681, 683; Matter of Castagnola v Muller, 105 AD3d 954, 955; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488).
In light of our determination, we need not reach the maternal aunt's remaining [*3]contention.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court