Matter of Moynihan v Cohen (2020 NY Slip Op 02093)





Matter of Moynihan v Cohen


2020 NY Slip Op 02093


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-03088
 (Docket Nos. V-3757-18, V-3758-18, V-4059-18, V-4060-18, V-5121-18, V-5122-18)

[*1]In the Matter of Kevin Moynihan, appellant,
v
Alexander Roy Cohen, respondent. (Proceeding No. 1)
In the Matter of Alexander Roy Cohen, respondent,
v
Kevin Moynihan, appellant. (Proceeding No. 2)
In the Matter of Paul Krasnoff, appellant,
v
Alexander Roy Cohen, respondent.(Proceeding No. 3)


Gervase & Mintz, P.C., Garden City, NY (Susan G. Mintz of counsel), for appellants.
David A. Bythewood, Mineola, NY, for respondent.
Jan Murphy, Huntington, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, Kevin Moynihan and Paul Krasnoff appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated March 27, 2019. The order, after a hearing, in effect, dismissed their respective petitions for custody of the subject children for lack of standing.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the appellants' respective custody petitions are reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing to determine a custody award based upon the best interests of the subject children, and thereafter a new determination of the appellants' respective custody petitions.
The mother and the father, Alexander Roy Cohen, were married, and they divorced in 2015. They entered into a so-ordered stipulation that awarded sole legal and residential custody of their two children to the mother and parental access to the father. The father also agreed to pay $500 per month in child support.
The mother and the children moved in with the mother's boyfriend, the petitioner Paul Krasnoff, in or around December 2014. The mother subsequently was diagnosed with cancer, [*2]and died on April 24, 2018. The father, Krasnoff, and the children's maternal grandfather, Kevin Moynihan, each filed petitions for custody of the children. The Family Court conducted a hearing to determine whether extraordinary circumstances existed to confer standing upon Krasnoff and Moynihan. Krasnoff and Moynihan each testified at the hearing that they provided financial, physical, and emotional support for the children while the mother was ill. The father testified at the hearing that he had not exercised parental access with the children on a regular basis, and had stopped exercising parental access with them altogether in November 2016. He also testified that he had stopped paying child support in 2017.
At the conclusion of the hearing, the Family Court found that Krasnoff and Moynihan had failed to establish the existence of extraordinary circumstances. The court issued an order dated March 27, 2019, which, in effect, dismissed their respective petitions for custody of the children for lack of standing. Krasnoff and Moynihan appeal.
"In a child custody dispute between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (Matter of Bailey v Carr, 125 AD3d 853, 853; see Matter of Bennett v Jeffreys, 40 NY2d 543, 548). "Only if the nonparent meets this burden does the court determine whether the best interests of the child warrant awarding custody to the nonparent" (Matter of Bailey v Carr, 125 AD3d at 853; see Matter of Hunte v Arnold, 147 AD3d 946, 947).
Here, contrary to the determination of the Family Court, Krasnoff and Moynihan sustained their burden of demonstrating the existence of extraordinary circumstances. The evidence at the hearing demonstrated that the father had a prolonged separation from the children, had not been involved in their lives, and had failed to contribute to their financial support. The evidence also demonstrated that a strong emotional bond had formed between the children and Krasnoff and Moynihan (see Matter of Williams v Frank, 148 AD3d 815, 816; Matter of Hunte v Arnold, 147 AD3d at 947; Matter of Culberson v Fisher, 130 AD3d 827, 828; Matter of Jerrina P. [June H.—Shondell N.P.], 126 AD3d 980, 981). Accordingly, a hearing is required to determine a custody award based upon the best interests of the subject children (see Matter of Cade v Roberts, 141 AD3d 583, 584).
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court