Matter of Anderson v Knotts (2025 NY Slip Op 05364)

Matter of Anderson v Knotts

2025 NY Slip Op 05364

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

644 CAF 24-00860

[*1]IN THE MATTER OF SHARLETA M. ANDERSON, PETITIONER-RESPONDENT,
v
TRACY KNOTTS, RESPONDENT-RESPONDENT, AND NAUJAA ROBINSON, RESPONDENT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR RESPONDENT-APPELLANT.
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered May 21, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole custody and primary residence of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, awarded petitioner, the mother's godmother, sole custody and primary residence of the three children who are the subject of this proceeding. We affirm.
"[A]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child" (Matter of Lachenauer v Lachenauer-Myers, 236 AD3d 1309, 1309 [4th Dept 2025] [internal quotation marks omitted]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 545-546 [1976]; Matter of Cross v Cross, 235 AD3d 1264, 1265 [4th Dept 2025], lv denied — NY3d — [2025]). "The extraordinary circumstances analysis must consider the cumulative effect of all issues present in a given case . . . , including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the . . . parent allowed such custody to continue without trying to assume the primary parental role" (Lachenauer, 236 AD3d at 1309-1310 [internal quotation marks omitted]; see Cross, 235 AD3d at 1265-1266).
Contrary to the mother's contention, petitioner established that extraordinary circumstances existed based on, among other things, the mother's voluntary relinquishment of physical custody of the children to petitioner, the prolonged separation of the children from the mother, the mother's relinquishment of all parental control during that time, and the psychological attachment the children had to petitioner (see Cross, 235 AD3d at 1266; Matter of Gunther v Brown, 148 AD3d 889, 890 [2d Dept 2017]; Matter of Hunte v Arnold, 147 AD3d 946, 947 [2d Dept 2017]).
We further conclude that Family Court's determination that it is in the best interests of the children to remain in the custody of petitioner has a sound and substantial basis in the record and should not be disturbed (see generally Matter of Fisher v Fisher, 148 AD3d 1783, 1784 [4th Dept 2017]). The court weighed the appropriate factors (see Matter of Hochreiter v Williams, [*2]201 AD3d 1303, 1304 [4th Dept 2022]; see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]), all of which favored petitioner.
Finally, we conclude based on the circumstances of this case that the mother has failed to demonstrate that the record before us is no longer sufficient for determining the best interests of the children (see Matter of Swan v Morris, 235 AD3d 878, 880 [2d Dept 2025]; Matter of Brisard v Brisard, 211 AD3d 838, 839 [2d Dept 2022], lv denied 39 NY3d 910 [2023]; Matter of Andrea II. v Joseph HH., 203 AD3d 1356, 1359-1360 [3d Dept 2022]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court